Ex. A

# The Judiciary Act of 1789

September 24, 1789.

1 Stat. 73.

CHAP. XX. – *An Act to establish the Judicial Courts of the United States.*

SECTION 1. *Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled*, That the supreme court of the United States shall consist of a chief justice and five associate justices, any four of whom shall be a quorum, and shall hold annually at the seat of government two sessions, the one commencing the first Monday of February, and the other the first Monday of August. That the associate justices shall have precedence according to the date of their commissions, or when the commissions of two or more of them bear date on the same day, according to their respective ages.

SEC. 2. *And be it further enacted*, That the United States shall be, and they hereby are divided into thirteen districts, to be limited and called as follows, to wit: one to consist of that part of the State of Massachusetts which lies easterly of the State of New Hampshire, and to be called Maine District; one to consist of the State of New Hampshire, and to be called New Hampshire District; one to consist of the remaining part of the State of Massachusetts, and to be called Massachusetts district; one to consist of the State of Connecticut, and to be called Connecticut District; one to consist of the State of New York, and to be called New York District; one to consist of the State of New Jersey, and to be called New Jersey District; one to consist of the State of Pennsylvania, and to be called Pennsylvania District; one to consist of the State of Delaware, and to be called Delaware District; one to consist of the State of Maryland, and to be called Maryland District; one to consist of the State of Virginia, except that part called the District of Kentucky, and to be called Virginia District; one to consist of the remaining part of the State of Virginia, and to be called Kentucky District; one to consist of the State of South Carolina, and to be called South Carolina District; and one to consist of the State of Georgia, and to be called Georgia District.

SEC. 3. *And be it further enacted*, That there be a court called a District Court, in each of the afore mentioned districts, to consist of one judge, who shall reside in the district for which he is appointed, and shall be called a District Judge, and shall hold annually four sessions, the first of which to commence as follows, to wit: in the districts of New York and of New Jersey on the first, in the district of Pennsylvania on the second, in the district of Connecticut on the third, and in the district of Delaware on the fourth, Tuesdays of November next; in the districts of Massachusetts, of Maine, and of Maryland, on the first, in the district of Georgia on the second, and in the districts of New Hampshire, of Virginia, and of Kentucky, on the third Tuesdays of December next; and the other three sessions progressively in the respective districts on the like Tuesdays of every third calendar month afterwards, and in the district of South Carolina, on the third Monday in March and September, the first Monday in July, and the second Monday in December of each and every year, commencing in December next; and that the District Judge shall have power to hold special courts at his discretion. That the stated District Court shall be held at the places following, to wit: in the district of Maine, at Portland and Pownalsborough alternately, beginning at the first; in the district of New Hampshire, at Exeter and Portsmouth alternately, beginning at the first; in the district of Massachusetts, at Boston and Salem alternately, beginning at the first; in the district of Connecticut, alternately at Hartford and New Haven, beginning at the first; in the district of New York, at New York; in the district of New Jersey, alternately at New Brunswick and Burlington, beginning at the first; in the district of Pennsylvania, at Philadelphia and York Town alternately, beginning at the first; in the district of Delaware, alternately at Newcastle and

Dover, beginning at the first; in the district of Maryland, alternately at Baltimore and Easton, beginning at the first; in the district of Virginia, alternately at Richmond and Williamsburgh, beginning at the first; in the district of Kentucky, at Harrodsburgh; in the district of South Carolina, at Charleston; and in the district of Georgia, alternately at Savannah and Augusta, beginning at the first; and that the special courts shall be held at the same place in each district as the stated courts, or in districts that have two, at either of them, in the discretion of the judge, or at such other place in the district, as the nature of the business and his discretion shall direct. And that in the districts that have but one place for holding the District Court, the records thereof shall be kept at that place; and in districts that have two, at that place in each district which the judge shall appoint.

SEC. 4. *And be it further enacted*, That the before mentioned districts, except those of Maine and Kentucky, shall be divided into three circuits, and be called the eastern, the middle, and the southern circuit. That the eastern circuit shall consist of the districts of New Hampshire, Massachusetts, Connecticut and New York; that the middle circuit shall consist of the districts of New Jersey, Pennsylvania, Delaware, Maryland and Virginia; and that the southern circuit shall consist of the districts of South Carolina and Georgia, and that there shall be held annually in each district of said circuits, two courts, which shall be called Circuit Courts, and shall consist of any two justices of the Supreme Court, and the district judge of such districts, any two of whom shall constitute a quorum: *Provided*, That no district judge shall give a vote in any case of appeal or error from his own decision; but may assign the reasons of such his decision.

SEC. 5. *And be it further enacted*, That the first session of the said circuit court in the several districts shall commence at the times following, to wit: in New Jersey on the second, in New York on the fourth, in Pennsylvania on the eleventh, in Connecticut on the twenty-second, and in Delaware on the twenty-seventh, days of April next; in Massachusetts on the third, in Maryland on the seventh, in South Carolina on the twelfth, in New Hampshire on the twentieth, in Virginia on the twenty-second, and in Georgia on the twenty-eighth, days of May next, and the subsequent sessions in the respective districts on the like days of every sixth calendar month afterwards, except in South Carolina, where the session of the said court shall commence on the first, and in Georgia where it shall commence on the seventeenth day of October, and except when any of those days shall happen on a Sunday, and then the session shall commence on the next day following. And the sessions of the said circuit court shall be held in the district of New Hampshire, at Portsmouth and Exeter alternately, beginning at the first; in the district of Massachusetts, at Boston; in the district of Connecticut, alternately at Hartford and New Haven, beginning at the last; in the district of New York, alternately at New York and Albany, beginning at the first; in the district of New Jersey, at Trenton; in the district of Pennsylvania, alternately at Philadelphia and Yorktown, beginning at the first; in the district of Delaware, alternately at New Castle and Dover, beginning at the first; in the district of Maryland, alternately at Annapolis and Easton, beginning at the first; in the district of Virginia, alternately at Charlottesville and Williamsburgh, beginning at the first; in the district of South Carolina, alternately at Columbia and Charleston, beginning at the first; and in the district of Georgia, alternately at Savannah and Augusta, beginning at the first. And the circuit courts shall have power to hold special sessions for the trial of criminal causes at any other time at their discretion, or at the discretion of the Supreme Court.

SEC. 6. *And be it further enacted*, That the Supreme Court may, by any one or more of its justices being present, be adjourned from day to day until a quorum be convened; and that a circuit court may also be adjourned from day to day by any one of its judges, or if none are present, by the marshal of the district until a quorum be convened; and that a district court, in case of the inability of the judge to attend at the commencement of a session, may by virtue of a written order from the said judge, directed to the marshal of the district, be adjourned by the said marshal to such day, antecedent to the next stated session of the said court, as in the said order shall be appointed; and in case of the death of the said judge, and his vacancy not being supplied, all process, pleadings and proceedings of what nature soever,

pending before the said court, shall be continued of course until the next stated session after the appointment and acceptance of the office by his successor.

SEC. 7. *And be it [further] enacted*, That the Supreme Court, and the district courts shall have power to appoint clerks for their respective courts, and that the clerk for each district court shall be clerk also of the circuit court in such district, and each of the said clerks shall, before he enters upon the execution of his office, take the following oath or affirmation, to wit: "I, A. B., being appointed clerk of , do solemnly swear, or affirm, that I will truly and faithfully enter and record all the orders, decrees, judgments and proceedings of the said court, and that I will faithfully and impartially discharge and perform all the duties of my said office, according to the best of my abilities and understanding. So help me God." Which words, so help me God, shall be omitted in all cases where an affirmation is admitted instead of an oath. And the said clerks shall also severally give bond, with sufficient sureties, (to be approved of by the Supreme and district courts respectively) to the United States, in the sum of two thousand dollars, faithfully to discharge the duties of his office, and seasonably to record the decrees, judgments and determinations of the court of which he is clerk.

SEC. 8. *And be it further enacted*, That the justices of the Supreme Court, and the district judges, before they proceed to execute the duties of their respective offices, shall take the following oath or affirmation, to wit: "I, A. B., do solemnly swear or affirm, that I will administer justice without respect to persons, and do equal right to the poor and to the rich, and that I will faithfully and impartially discharge and perform all the duties incumbent on me as , according to the best of my abilities and understanding, agreeably to the constitution, and laws of the United States. So help me God."

SEC. 9. *And be it further enacted*, That the district courts shall have, exclusively of the courts of the several States, cognizance of all crimes and offences that shall be cognizable under the authority of the United States, committed within their respective districts, or upon the high seas; where no other punishment than whipping, not exceeding thirty stripes, a fine not exceeding one hundred dollars, or a term of imprisonment not exceeding six months, is to be inflicted; and shall also have exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction, including all seizures under laws of impost, navigation or trade of the United States, where the seizures are made, on waters which are navigable from the sea by vessels of ten or more tons burthen, within their respective districts as well as upon the high seas; saving to suitors, in all cases, the right of a common law remedy, where the common law is competent to give it; and shall also have exclusive original cognizance of all seizures on land, or other waters than as aforesaid, made, and of all suits for penalties and forfeitures incurred, under the laws of the United States. And shall also have cognizance, concurrent with the courts of the several States, or the circuit courts, as the case may be, of all causes where an alien sues for a tort only in violation of the law of nations or a treaty of the United States. And shall also have cognizance, concurrent as last mentioned, of all suits at common law where the United States sue, and the matter in dispute amounts, exclusive of costs, to the sum or value of one hundred dollars. And shall also have jurisdiction exclusively of the courts of the several States, of all suits against consuls or vice-consuls, except for offences above the description aforesaid. And the trial of issues in fact, in the district courts, in all causes except civil causes of admiralty and maritime jurisdiction, shall be by jury.

SEC. 10. *And be it further enacted*, That the district court in Kentucky district shall, besides the jurisdiction aforesaid, have jurisdiction of all other causes, except of appeals and writs of error, hereinafter made cognizable in a circuit court, and shall proceed therein in the same manner as a circuit court, and writs of error and appeals shall lie from decisions therein to the Supreme Court in the same causes, as from a circuit court to the Supreme Court, and under the same regulations. And the district court in Maine district shall, besides the jurisdiction herein before granted, have jurisdiction of all causes, except of appeals and writs of error herein after made cognizable in a circuit court, and shall proceed therein in the same manner as a circuit court: And writs of error shall lie from decisions therein

to the circuit court in the district of Massachusetts in the same manner as from other district courts to their respective circuit courts.

SEC. 11. *And be it further enacted*, That the circuit courts shall have original cognizance, concurrent with the courts of the several States, of all suits of a civil nature at common law or in equity, where the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, and the United States are plaintiffs, or petitioners; or an alien is a party, or the suit is between a citizen of the State where the suit is brought, and a citizen of another State. And shall have exclusive cognizance of all crimes and offences cognizable under the authority of the United States, except where this act otherwise provides, or the laws of the United States shall otherwise direct, and concurrent jurisdiction with the district courts of the crimes and offences cognizable therein. But no person shall be arrested in one district for trial in another, in any civil action before a circuit or district court. And no civil suit shall be brought before either of said courts against an inhabitant of the United States, by any original process in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving the writ, nor shall any district or circuit court have cognizance of any suit to recover the contents of any promissory note or other chose in action in favour of an assignee, unless a suit might have been prosecuted in such court to recover the said contents if no assignment had been made, except in cases of foreign bills of exchange. And the circuit courts shall also have appellate jurisdiction from the district courts under the regulations and restrictions herein after provided.

SEC. 12. *And be it further enacted*, That if a suit be commenced in any state court against an alien, or by a citizen of the state in which the suit is brought against a citizen of another state, and the matter in dispute exceeds the aforesaid sum or value of five hundred dollars, exclusive of costs, to be made to appear to the satisfaction of the court; and the defendant shall, at the time of entering his appearance in such state court, file a petition for the removal of the cause for trial into the next circuit court, to be held in the district where the suit is pending, or if in the district of Maine to the district court next to be holden therein, or if in Kentucky district to the district court next to be holden therein, and offer good and sufficient surety for his entering in such court, on the first day of its session, copies of said process against him, and also for his there appearing and entering special bail in the cause, if special bail was originally requisite therein, it shall then be the duty of the state court to accept the surety, and proceed no further in the cause, and any bail that may have been originally taken shall be discharged, and the said copies being entered as aforesaid, in such court of the United States, the cause shall there proceed in the same manner as if it had been brought there by original process. And any attachment of the goods or estate of the defendant by the original process, shall hold the goods or estate so attached, to answer the final judgment in the same manner as by the laws of such state they would have been holden to answer final judgment, had it been rendered by the court in which the suit commenced. And if in any action commenced in a state court, the title of land be concerned, and the parties are citizens of the same state, and the matter in dispute exceeds the sum or value of five hundred dollars, exclusive of costs, the sum or value being made to appear to the satisfaction of the court, either party, before the trial, shall state to the court and make affidavit if they require it, that he claims and shall rely upon a right or title to the land, under a grant from a state other than that in which the suit is pending, and produce the original grant or an exemplification of it, except where the loss of public records shall put it out of his power, and shall move that the adverse party inform the court, whether he claims a right or title to the land under a grant from the state in which the suit is pending; the said adverse [party] shall give such information, or otherwise not be allowed to plead such grant, or give it in evidence upon the trial, and if he informs that he does claim under such grant, the party claiming under the grant first mentioned may then, on motion, remove the cause for trial to the next circuit court to be holden in such district, or if in the district of Maine, to the court next to be holden therein; or if in Kentucky district, to the district court next to be holden therein; but if he is the defendant, shall do it under the same regulations as in the before-mentioned case of the removal of a cause into such court by an alien; and neither party removing the cause, shall be allowed to plead or give evidence of any other title than that by him stated as aforesaid,

as the ground of his claim; and the trial of issues in fact in the circuit courts shall, in all suits, except those of equity, and of admiralty, and maritime jurisdiction, be by jury.

SEC. 13. *And be it further enacted,* That the Supreme Court shall have exclusive jurisdiction of all controversies of a civil nature, where a state is a party, except between a state and its citizens; and except also between a state and citizens of other states, or aliens, in which latter case it shall have original but not exclusive jurisdiction. And shall have exclusively all such jurisdiction of suits or proceedings against ambassadors, or other public ministers, or their domestics, or domestic servants, as a court of law can have or exercise consistently with the law of nations; and original, but not exclusive jurisdiction of all suits brought by ambassadors, or other public ministers, or in which a consul, or vice consul, shall be a party. And the trial of issues in fact in the Supreme Court, in all actions at law against citizens of the United States, shall be by jury. The Supreme Court shall also have appellate jurisdiction from the circuit courts and courts of the several states, in the cases herein after specially provided for; and shall have power to issue writs of prohibition to the district courts, when proceeding as courts of admiralty and maritime jurisdiction, and writs of *mandamus*, in cases warranted by the principles and usages of law, to any courts appointed, or persons holding office, under the authority of the United States.

SEC. 14. *And be it further enacted,* That all the before-mentioned courts of the United States, shall have power to issue writs of *scire facias, habeas corpus*, and all other writs not specially provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the principles and usages of law. And that either of the justices of the supreme court, as well as judges of the district courts, shall have power to grant writs of *habeas corpus* for the purpose of an inquiry into the cause of commitment.——*Provided,* That writs of *habeas corpus* shall in no case extend to prisoners in gaol, unless where they are in custody, under or by colour of the authority of the United States, or are committed for trial before some court of the same, or are necessary to be brought into court to testify.

SEC. 15. *And be it further enacted,* That all the said courts of the United States, shall have power in the trial of actions at law, on motion and due notice thereof being given, to require the parties to produce books or writings in their possession or power, which contain evidence pertinent to the issue, in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceeding in chancery; and if a plaintiff shall fail to comply with such order, to produce books or writings, it shall be lawful for the courts respectively, on motion, to give the like judgment for the defendant as in cases of nonsuit; and if a defendant shall fail to comply with such order, to produce books or writings, it shall be lawful for the courts respectively on motion as aforesaid, to give judgment against him or her by default.

SEC. 16. *And be it further enacted,* That suits in equity shall not be sustained in either of the courts of the United States, in any case where plain, adequate and complete remedy may be had at law.

SEC. 17. *And be it further enacted,* That all the said courts of the United States shall have power to grant new trials, in cases where there has been a trial by jury for reasons for which new trials have usually been granted in the courts of law; and shall have power to impose and administer all necessary oaths or affirmations, and to punish by fine or imprisonment, at the discretion of said courts, all contempts of authority in any cause or hearing before the same; and to make and establish all necessary rules for the orderly conducting business in the said courts, provided such rules are not repugnant to the laws of the United States.

SEC. 18. *And be it further enacted,* That when in a circuit court, judgment upon a verdict in a civil action shall be entered, execution may on motion of either party, at the discretion of the court, and on such conditions for the security of the adverse party as they may judge proper, be stayed forty-two days from

the time of entering judgment, to give time to file in the clerk's office of said court, a petition for a new trial. And if such petition be there filed within said term of forty-two days, with a certificate thereon from either of the judges of such court, that he allows the same to be filed, which certificate he may make or refuse at his discretion, execution shall of course be further stayed to the next session of said court. And if a new trial be granted, the former judgment shall be thereby rendered void.

SEC. 19. *And be it further enacted*, That it shall be the duty of circuit courts, in causes in equity and of admiralty and maritime jurisdiction, to cause the facts on which they found their sentence or decree, fully to appear upon the record either from the pleadings and decree itself, or a state of the case agreed by the parties, or their counsel, or if they disagree by a stating of the case by the court.

SEC. 20. *And be it further enacted*, That where in a circuit court, a plaintiff in an action, originally brought there, or a petitioner in equity, other than the United States, recovers less than the sum or value of five hundred dollars, or a libellant, upon his own appeal, less than the sum or value of three hundred dollars, he shall not be allowed, but at the discretion of the court, may be adjudged to pay costs.

SEC. 21. *And be it further enacted*, That from final decrees in a district court in causes of admiralty and maritime jurisdiction, where the matter in dispute exceeds the sum or value of three hundred dollars, exclusive of costs, an appeal shall be allowed to the next circuit court, to be held in such district. *Provided nevertheless*, That all such appeals from final decrees as aforesaid, from the district court of Maine, shall be made to the circuit court, next to be holden after each appeal in the district of Massachusetts.

SEC. 22. *And be it further enacted*, That final decrees and judgments in civil actions in a district court, where the matter in dispute exceeds the sum or value of fifty dollars, exclusive of costs, may be reexamined, and reversed or affirmed in a circuit court, holden in the same district, upon a writ of error, whereto shall be annexed and returned therewith at the day and place therein mentioned, an authenticated transcript of the record, an assignment of errors, and prayer for reversal, with a citation to the adverse party, signed by the judge of such district court, or a justice of the Supreme Court, the adverse party having at least twenty days' notice. And upon a like process, may final judgments and decrees in civil actions, and suits in equity in a circuit court, brought there by original process, or removed there from courts of the several States, or removed there by appeal from a district court where the matter in dispute exceeds the sum or value of two thousand dollars, exclusive of costs, be re-examined and reversed or affirmed in the Supreme Court, the citation being in such case signed by a judge of such circuit court, or justice of the Supreme Court, and the adverse party having at least thirty days' notice. But there shall be no reversal in either court on such writ of error for error in ruling any plea in abatement, other than a plea to the jurisdiction of the court, or such plea to a petition or bill in equity, as is in the nature of a demurrer, or for any error in fact. And writs of error shall not be brought but within five years after rendering or passing the judgment or decree complained of, or in case the person entitled to such writ of error be an infant, *feme covert, non compos mentis,* or imprisoned, then within five years as aforesaid, exclusive of the time of such disability. And every justice or judge signing a citation on any writ of error as aforesaid, shall take good and sufficient security, that the plaintiff in error shall prosecute his writ to effect, and answer all damages and costs if he fail to make his plea good.

SEC. 23. *And be it further enacted*, That a writ of error as aforesaid shall be a supersedeas and stay execution in cases only where the writ of error is served, by a copy thereof being lodged for the adverse party in the clerk's office where the record remains, within ten days, Sundays exclusive, after rendering the judgment or passing the decree complained of. Until the expiration of which term of ten days, executions shall not issue in any case where a writ of error may be a supersedeas; and whereupon such writ of error the Supreme or a circuit court shall affirm a judgment or decree, they shall adjudge or

decree to the respondent in error just damages for his delay, and single or double costs at their discretion.

SEC. 24. *And be it further enacted*, That when a judgment or decree shall be reversed in a circuit court, such court shall proceed to render such judgment or pass such decree as the district court should have rendered or passed; and the Supreme Court shall do the same on reversals therein, except where the reversal is in favour of the plaintiff, or petitioner in the original suit, and the damages to be assessed, or matter to be decreed, are uncertain, in which case they shall remand the cause for a final decision. And the Supreme Court shall not issue execution in causes that are removed before them by writs of error, but shall send a special mandate to the circuit court to award execution thereupon.

SEC. 25. *And be it further enacted*, That a final judgment or decree in any suit, in the highest court of law or equity of a State in which a decision in the suit could be had, where is drawn in question the validity of a treaty or statute of, or an authority exercised under the United States, and the decision is against their validity; or where is drawn in question the validity of a statute of, or an authority exercised under any State, on the ground of their being repugnant to the constitution, treaties or laws of the United States, and the decision is in favour of such their validity, or where is drawn in question the construction of any clause of the constitution, or of a treaty, or statute of, or commission held under the United States, and the decision is against the title, right, privilege or exemption specially set up or claimed by either party, under such clause of the said Constitution, treaty, statute or commission, may be re-examined and reversed or affirmed in the Supreme Court of the United States upon a writ of error, the citation being signed by the chief justice, or judge or chancellor of the court rendering or passing the judgment or decree complained of, or by a justice of the Supreme Court of the United States, in the same manner and under the same regulations, and the writ shall have the same effect, as if the judgment or decree complained of had been rendered or passed in a circuit court, and the proceeding upon the reversal shall also be the same, except that the Supreme Court, instead of remanding the cause for a final decision as before provided, may at their discretion, if the cause shall have been once remanded before, proceed to a final decision of the same, and award execution. But no other error shall be assigned or regarded as a ground of reversal in any such case as aforesaid, than such as appears on the face of the record, and immediately respects the before mentioned questions of validity or construction of the said constitution, treaties, statutes, commissions, or authorities in dispute.

SEC. 26. *And be it further enacted*, That in all causes brought before either of the courts of the United States to recover the forfeiture annexed to any articles of agreement, covenant, bond, or other speciality, where the forfeiture, breach or non-performance shall appear, by the default or confession of the defendant, or upon demurrer, the court before whom the action is, shall render judgment therein for the plaintiff to recover so much as is due according to equity. And when the sum for which judgment should be rendered is uncertain, the same shall, if either of the parties request it, be assessed by a jury.

SEC. 27. *And be it further enacted*, That a marshal shall be appointed in and for each district for the term of four years, but shall be removable from office at pleasure, whose duty it shall be to attend the district and circuit courts when sitting therein, and also the Supreme Court in the District in which that court shall sit. And to execute throughout the district, all lawful precepts directed to him, and issued under the authority of the United States, and he shall have power to command all necessary assistance in the execution of his duty, and to appoint as there shall be occasion, one or more deputies, who shall be removable from office by the judge of the district court, or the circuit court sitting within the district, at the pleasure of either; and before he enters on the duties of his office, he shall become bound for the faithful performance of the same, by himself and by his deputies before the judge of the district court to the United States, jointly and severally, with two good and sufficient sureties, inhabitants and freeholders of such district, to be approved by the district judge, in the sum of twenty thousand dollars, and shall take before said judge, as shall also his deputies, before they enter on the duties of their

appointment, the following oath of office: "I, A. B., do solemnly swear or affirm, that I will faithfully execute all lawful precepts directed to the marshal of the district of _____ under the authority of the United States, and true returns make, and in all things well and truly, and without malice or partiality, perform the duties of the office of marshal (or marshal's deputy, as the case may be) of the district of , during my continuance in said office, and take only my lawful fees. So help me God."

SEC. 28. *And be it further enacted*, That in all causes wherein the marshal or his deputy shall be a party, the writs and precepts therein shall be directed to such disinterested person as the court, or any justice or judge thereof may appoint, and the person so appointed, is hereby authorized to execute and return the same. And in case of the death of any marshal, his deputy or deputies shall continue in office, unless otherwise specially removed; and shall execute the same in the name of the deceased, until another marshal shall be appointed and sworn: And the defaults or misfeasances in office of such deputy or deputies in the mean time, as well as before, shall be adjudged a breach of the condition of the bond given, as before directed, by the marshal who appointed them; and the executor or administrator of the deceased marshal shall have like remedy for the defaults and misfeasances in office of such deputy or deputies during such interval, as they would be entitled to if the marshal had continued in life and in the exercise of his said office, until his successor was appointed, and sworn or affirmed: And every marshal or his deputy when removed from office, or when the term for which the marshal is appointed shall expire, shall have power notwithstanding to execute all such precepts as may be in their hands respectively at the time of such removal or expiration of office; and the marshal shall be held answerable for the delivery to his successor of all prisoners which may be in his custody at the time of his removal, or when the term for which he is appointed shall expire, and for that purpose may retain such prisoners in his custody until his successor shall be appointed and qualified as the law directs.

SEC. 29. *And be it further enacted*, That in cases punishable with death, the trial shall be had in the county where the offence was committed, or where that cannot be done without great inconvenience, twelve petit jurors at least shall be summoned from thence. And jurors in all cases to serve in the courts of the United States shall be designated by lot or otherwise in each State respectively according to the mode of forming juries therein now practised, so far as the laws of the same shall render such designation practicable by the courts or marshals of the United States; and the jurors shall have the same qualifications as are requisite for jurors by the laws of the State of which they are citizens, to serve in the highest courts of law of such State, and shall be returned as there shall be occasion for them, from such parts of the district from time to time as the court shall direct, so as shall be most favourable to an impartial trial, and so as not to incur an unnecessary expense, or unduly to burthen the citizens of any part of the district with such services. And writs of *venire facias* when directed by the court shall issue from the clerk's office, and shall be served and returned by the marshal in his proper person, or by his deputy, or in case the marshal or his deputy is not an indifferent person, or is interested in the event of the cause, by such fit person as the court shall specially appoint for that purpose, to whom they shall administer an oath or affirmation that he will truly and impartially serve and return such writ. And when from challenges or otherwise there shall not be a jury to determine any civil or criminal cause, the marshal or his deputy shall, by order of the court where such defect of jurors shall happen, return jurymen *de talibus circumstantibus* sufficient to complete the pannel; and when the marshal or his deputy are disqualified as aforesaid, jurors may be returned by such disinterested person as the court shall appoint.

SEC. 30. *And be it further enacted*, That the mode of proof by oral testimony and examination of witnesses in open court shall be the same in all the courts of the United States, as well in the trial of causes in equity and of admiralty and maritime jurisdiction, as of actions at common law. And when the testimony of any person shall be necessary in any civil cause depending in any district in any court of the United States, who shall live at a greater distance from the place of trial than one hundred miles, or is bound on a voyage to sea, or is about to go out of the United States, or out of such district, and to a

greater distance from the place of trial than as aforesaid, before the time of trial, or is ancient or very infirm, the deposition of such person may be taken *de bene esse* before any justice or judge of any of the courts of the United States, or before any chancellor, justice or judge of a supreme or superior court, mayor or chief magistrate of a city, or judge of a county court or court of common pleas of any of the United States, not being of counsel or attorney to either of the parties, or interested in the event of the cause, provided that a notification from the magistrate before whom the deposition is to be taken to the adverse party, to be present at the taking of the same, and to put interrogatories, if he think fit, be first made out and served on the adverse party or his attorney as either may be nearest, if either is within one hundred miles of the place of such caption, allowing time for their attendance after notified, not less than at the rate of one day, Sundays exclusive, for every twenty miles travel. And in causes of admiralty and maritime jurisdiction, or other cases of seizure when a libel shall be filed, in which an adverse party is not named, and depositions of persons circumstanced as aforesaid shall be taken before a claim be put in, the like notification as aforesaid shall be given to the person having the agency or possession of the property libelled at the time of the capture or seizure of the same, if known to the libellant. And every person deposing as aforesaid shall be carefully examined and cautioned, and sworn or affirmed to testify the whole truth, and shall subscribe the testimony by him or her given after the same shall be reduced to writing, which shall be done only by the magistrate taking the deposition, or by the deponent in his presence. And the depositions so taken shall be retained by such magistrate until he deliver the same with his own hand into the court for which they are taken, or shall , together with a certificate of the reasons as aforesaid of their being taken, and of the notice if any given to the adverse party, be by him the said magistrate sealed up and directed to such court, and remain under his seal until opened in court. And any person may be compelled to appear and depose as aforesaid in the same manner as to appear and testify in court. And in the trial of any cause of admiralty or maritime jurisdiction in a district court, the decree in which may be appealed from, if either party shall suggest to and satisfy the court that probably it will not be in his power to produce the witnesses there testifying before the circuit court should an appeal be had, and shall move that their testimony be taken down in writing, it shall be so done by the clerk of the court. And if an appeal be had, such testimony may be used on the trial of the same, if it shall appear to the satisfaction of the court which shall try the appeal, that the witnesses are then dead or gone out of the United States, or to a greater distance than as aforesaid from the place where the court is sitting, or that by reason of age, sickness, bodily infirmity or imprisonment, they are unable to travel and appear at court, but not otherwise. And unless the same shall be made to appear on the trial of any cause, with respect to witnesses whose depositions may have been taken therein, such depositions shall not be admitted or used in the cause. *Provided*, That nothing herein shall be construed to prevent any court of the United States from granting a *dedimus potestatem* to take depositions according to common usage, when it may be necessary to prevent a failure or delay of justice, which power they shall severally possess, nor to extend to depositions taken in *perpetuam rei memoriam*, which if they relate to matters that may be cognizable in any court of the United States, a circuit court on application thereto made as a court of equity, may, according to the usages in chancery direct to be taken.

SEC. 31. *And be it [further] enacted*, That where any suit shall be depending in any court of the United States, and either of the parties shall die before final judgment, the executor or administrator of such deceased party who was plaintiff, petitioner, or defendant, in case the cause of action doth by law survive, shall have full power to prosecute or defend any such suit or action until final judgment; and the defendant or defendants are hereby obliged to answer thereto accordingly; and the court before whom such cause may be depending, is hereby empowered and directed to hear and determine the same, and to render judgment for or against the executor or administrator, as the case may require. And if such executor or administrator having been duly served with a *scire facias* from the office of the clerk of the court where such suit is depending, twenty days beforehand, shall neglect or refuse to become a party to the suit, the court may render judgment against the estate of the deceased party, in the same manner as if the executor or administrator had voluntarily made himself a party to the suit. And the executor or

administrator who shall become a party as aforesaid, shall, upon motion to the court where the suit is depending, be entitled to a continuance of the same until the next term of the said court. And if there be two or more plaintiffs or defendants, and one or more of them shall die, if the cause of action shall survive to the surviving plaintiff or plaintiffs, or against the surviving defendant or defendants, the writ or action shall not be thereby abated; but such death being suggested upon the record, the action shall proceed at the suit of the surviving plaintiff or plaintiffs against the surviving defendant or defendants.

SEC. 32. *And be it further enacted*, That no summons, writ, declaration, return, process, judgment, or other proceedings in civil causes in any of the courts of the United States, shall be abated, arrested, quashed or reversed, for any defect or want of form, but the said courts respectively shall proceed and give judgment according as the right of the cause and matter in law shall appear unto them, without regarding any imperfections, defects, or want of form in such writ, declaration, or other pleading, return, process, judgment, or course of proceeding whatsoever, except those only in cases of demurrer, which the party demurring shall specially sit down and express together with his demurrer as the cause thereof. And the said courts respectively shall and may, by virtue of this act, from time to time, amend all and every such imperfections, defects and wants of form, other than those only which the party demurring shall express as aforesaid, and may at any time permit either of the parties to amend any defect in the process or pleadings, upon such conditions as the said courts respectively shall in their discretion, and by their rules prescribe.

SEC. 33. *And be it further enacted*, That for any crime or offence against the United States, the offender may, by any justice or judge of the United States, or by any justice of the peace, or other magistrate of any of the United States where he may be found agreeably to the usual mode of process against offenders in such state, and at the expense of the United States, be arrested, and imprisoned or bailed, as the case may be, for trial before such court of the United States as by this act has cognizance of the offence. And copies of the process shall be returned as speedily as may be into the clerk's office of such court, together with the recognizances of the witnesses for their appearance to testify in the case; which recognizances the magistrate before whom the examination shall be, may require on pain of imprisonment. And if such commitment of the offender, or the witnesses shall be in a district other than that in which the offence is to be tried, it shall be the duty of the judge of that district where the delinquent is imprisoned, seasonably to issue, and of the marshal of the same district to execute, a warrant for the removal of the offender, and the witnesses, or either of them, as the case may be, to the district in which the trial is to be had. And upon all arrests in criminal cases, bail shall be admitted, except where the punishment may be death, in which cases it shall not be admitted but by the supreme or a circuit court, or by a justice of the supreme court, or a judge of a district court, who shall exercise their discretion therein, regarding the nature and circumstances of the offence, and of the evidence, and the usages of law. And if a person committed by a justice of the supreme or a judge of a district court for an offence not punishable with death, shall afterwards procure bail, and there be no judge of the United States in the district to take the same, it may be taken by any judge of the supreme or superior court of law of such state.

SEC. 34. *And be it further enacted*, That the laws of the several states, except where the constitution, treaties or statutes of the United States shall otherwise require or provide, shall be regarded as rules of decision in trials at common law in the courts of the United States in cases where they apply.

SEC. 35. *And be it further enacted*, That in all courts of the United States, the parties may plead and manage their own causes personally or by assistance of such counsel or attorneys at law as by the rules of the said courts respectively shall be permitted to manage and conduct causes therein. And there shall be appointed in each district a meet person learned in the law to act as attorney for the United States in such district, who shall be sworn or affirmed to the faithful execution of his office, whose duty it shall be to prosecute in such district all delinquents for crimes and offences, cognizable under the authority of

the United States, and all civil actions in which the United States shall be concerned, except before the supreme court in the district in which that court shall be holden. And he shall receive as compensation for his services such fees as shall be taxed therefor in the respective courts before which the suits or prosecutions shall be. And there shall also be appointed a meet person, learned in the law, to act as attorney-general for the United States, who shall be sworn or affirmed to a faithful execution of his office; whose duty it shall be to prosecute and conduct all suits in the Supreme Court in which the United States shall be concerned, and to give his advice and opinion upon questions of law when required by the President of the United States, or when requested by the heads of any of the departments, touching any matters that may concern their departments, and shall receive such compensation for his services as shall by law be provided.

APPROVED , September 24, 1789.

---

Contents | Text Version

<dl>
<dt>Repairs, &c. without cost to the United States.</dt>
<dd>gation of the Potomac river, in efficient working condition at all times; and that, until such time as the needful changes are made to accommodate railroad and other traffic, as contemplated by this supplement, it shall be the duty of the said Baltimore and Potomac Railroad Company to repair without delay all damages to the present bridge, and maintain it</dd>

<dt>Other railroad companies may pass over bridge.</dt>
<dd>without cost to the United States: *Provided,* [That] said railroad company shall give other railroad companies the right to pass over said bridge upon such reasonable terms as may be agreed upon, or Congress prescribe.</dd>

<dt>United States may take possession of bridge if not kept in repair, free, &c.<br>This act may be amended.</dt>
<dd>SEC. 2. *And be it further enacted,* That if the said Baltimore and Potomac Railroad Company shall at any time neglect to keep said bridge in good repair, and free for public use for ordinary travel, the government of the United States may enter into possession of the said bridge; and Congress reserves the right to alter or amend this law.<br>APPROVED, June 21, 1870.</dd>
</dl>

---

June 22, 1870.

**CHAP. CL.** — *An Act to establish the Department of Justice.*

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That there shall be, and is hereby, established an executive department of the government of the United States, to be called the Department of Justice, of which the Attorney-General shall be the head. His duties, salary, and tenure of office shall remain as now fixed by law, except so far as they may be modified by this act.

*Department of justice established.*
*Attorney-General to be the head.*

SEC. 2. *And be it further enacted,* That there shall be in said Department an officer learned in the law, to assist the Attorney-General in the performance of his duties, to be called the solicitor-general, and who, in case of a vacancy in the office of Attorney-General, or in his absence or disability, shall have power to exercise all the duties of that office. There shall also be continued in said Department the two other officers, learned in the law, called the assistants of the Attorney-General, whose duty it shall be to assist the Attorney-General and solicitor-general in the performance of their duties, as now required by law.

*Office of solicitor-general established;*
*of assistants of the Attorney-General.*
*1871, ch. 72.*
*Post, p. 432.*

SEC. 3. *And be it further enacted,* That from and after the time when this act takes effect, the solicitor of the treasury and his assistants, the solicitor of internal revenue, the solicitor and naval judge advocate general, who shall hereafter be known as the naval solicitor, and the clerks, messengers, and laborers employed in the office of the Attorney-General, and in the offices of the solicitor of the treasury, naval solicitor, and solicitor of internal revenue, and the law officer in the Department of State, now designated as the examiner of claims in said Department, shall be transferred from the Departments with which they are now associated to the Department of Justice; and said officers shall exercise their functions under the supervision and control of the head of the Department of Justice.

*Law officers of other departments, their clerks, &c. to be transferred to Department of Justice and continue under its control.*

SEC. 4. *And be it further enacted,* That questions of law submitted to the Attorney-General for his opinion, except questions involving a construction of the Constitution of the United States, may be by him referred to such of his subordinates as he may deem appropriate, and he may require the written opinion thereon of the officer to whom the same may be referred; and if the opinion given by such officer shall be approved by the Attorney-General, such approval so indorsed thereon shall give the opinion the same force and effect as belong to the opinions of the Attorney-General.

*Questions of law submitted to the Attorney-General, except, &c. may be referred to subordinates, &c.*
*Effect of their opinions indorsed by Attorney-General.*

SEC. 5. *And be it further enacted,* That whenever the Attorney-General deems it necessary, he may require the solicitor-general to argue any case in which the government is interested before the court of claims; and as to cases coming by appeal from the court of claims to

*Cases in the court of claims and Supreme Court of the United States.*

the Supreme Court of the United States, it shall be the duty of the Attorney-General and solicitor-general to conduct and argue them before that court as in other cases in which the United States is interested. And the Attorney-General may, whenever he deems it for the interest of the United States, conduct and argue any case in which the government is interested, in any court of the United States, or may require the solicitor-general or any officer of his Department to do so. And the solicitor-general, or any officer of the Department of Justice, may be sent by the Attorney-General to any State or district in the United States to attend to the interests of the United States in any suit pending in any of the courts of the United States, or in the courts of any State, or to attend to any other interest of the United States; for which service they shall receive, in addition to their salaries, their actual and necessary expenses, while so absent from the seat of government, the account thereof to be verified by affidavit.

*Cases in any court of the United States.*

*Officers of the department may be sent to any State or district.*

*Actual and necessary expenses on such service to be paid.*

SEC. 6. *And be it further enacted,* That whenever a question of law arises in the administration, either of the War or Navy Department, the cognizance of which is not given by statute to some other officer from whom the head of either of these Departments may require advice, the same shall be sent to the Attorney-General, to be by him referred to the proper officer in his Department provided for in this act, or otherwise disposed of as he may deem proper; and each head of any Department of the government may require the opinion of the Attorney-General on all questions of law arising in the administration of their respective Departments.

*Questions of law from War or Navy Departments.*

SEC. 7. *And be it further enacted,* That the duties enjoined upon the auditor of the Post-Office Department by the fourteenth section of the act entitled "An act to change the organization of the Post-Office Department, and to provide more effectually for the settlement of the accounts thereof," passed July two, eighteen hundred and thirty-six, shall hereafter be performed by some officer of the Department of Justice, to be specially designated, under the direction of the Attorney-General, who shall also have the care of prosecutions for mail depredations and penal offenses against the postal laws.

*Duties of auditor of the Post-office Department.*
*1836, ch. 270, §14.*
*Vol. v. p. 82.*
*Prosecutions for offences against postal laws, &c.*

SEC. 8. *And be it further enacted,* That the Attorney-General is hereby empowered to make all necessary rules and regulations for the government of said Department of Justice, and for the management and distribution of its business.

*Rules and regulations of the department.*

SEC. 9. *And be it further enacted,* That the several officers hereinbefore transferred from the other Departments to the Department of Justice shall hold their respective offices until their successors are duly qualified; and the solicitor-general, and whenever vacancies occur, the assistants of the Attorney-General, and all the solicitors and assistant solicitors mentioned in this act, shall be appointed by the President, by and with the advice and consent of the Senate. All the other officers, clerks, and employees in the said Department shall be appointed and be removable by the Attorney-General.

*Officers hereby transferred to hold office until, &c.*
*Certain appointments to be made by the President;*
*others by the Attorney-General.*

SEC. 10. *And be it further enacted,* That the following annual salaries shall be paid to the officers hereinbefore mentioned: To the solicitor-general, seven thousand five hundred dollars; to each of the assistants of the Attorney-General, five thousand dollars each; to the solicitor of the internal revenue, five thousand dollars; and to the other officers the salaries and fees now allowed by law; and the Attorney-General shall be allowed a stenographic clerk, with an annual salary of two thousand dollars, and he may appoint three additional clerks of the fourth class.

*Salaries.*
*Solicitor-general.*
*Assistants of the Attorney-General.*
*Solicitor of internal revenue.*
*Other officers.*
*Stenographic clerk.*
*Additional clerks.*

SEC. 11. *And be it further enacted,* That all moneys hereafter drawn out of the treasury upon the requisition of the Attorney-General, shall be disbursed by such one of the clerks herein provided for the Attorney-General as he may designate; and so much of the first section of the

*Moneys drawn by the Attorney-General, how to be disbursed.*

Repeal of part of 1859, ch. 80, § 1.
Vol. xi. p. 120.

act making appropriations, passed March three, eighteen hundred and fifty-nine, as provides that moneys drawn out of the treasury upon the requisition of the Attorney-General shall be disbursed by such disbursing officer as the Secretary of the Treasury may designate, is hereby repealed.

Annual report of Attorney-General; when made, and to include what.

Statistics of crime.

Sec. 12. *And be it further enacted*, That it shall be the duty of the Attorney-General to make an annual report to Congress, in January each year, of the business of the said Department of Justice, and any other matters appertaining thereto that he may deem proper, including the statistics of crime under the laws of the United States, and, as far as practicable, under the laws of the several States.

Superintendent of treasury building to provide suitable rooms.

Sec. 13. *And be it further enacted*, That the superintendent of the treasury building shall provide such suitable rooms in the treasury building as may be necessary to accommodate the officers and clerks of the said Department, or, to the extent that that may be found impracticable, to provide such rooms in some other building in the vicinity of said treasury building.

Attorney-General may require any officer to perform any duty required.

Opinions.

Sec. 14. *And be it further enacted*, That the Attorney-General may require any solicitor or officers of the Department of Justice to perform any duty required of said Department or any officer thereof; and the officers of the law department, under the direction of the Attorney-General, shall give all opinions and render all services requiring the skill of persons learned in the law, necessary to enable the President and heads of the executive Departments, and the heads of bureaus and other officers in such Departments to discharge their respective duties; and shall, for and on behalf of the United States, procure the proper evidence for, and conduct, prosecute, or defend all suits and proceedings in the Supreme Court of the United States and in the court of claims, in which the United States, or any officer thereof, is a party or may be interested. And no fees shall be allowed or paid to any other attorney or counsel[l]or at law for any service herein required of the officers of the Department of Justice.

Suits and proceedings.

No fees to any other attorney or counsellor, for any service herein required.

Supervisory powers over accounts of district attorneys, &c. to be exercised by Attorney-General;

Sec. 15. *And be it further enacted*, That the supervisory powers now exercised by the Secretary of the Interior over the accounts of the district attorneys, marshals, clerks, and other officers of the courts of the United States, shall be exercised by the Attorney-General, who shall sign all requisitions for the advance or payment of moneys out of the treasury, on estimates or accounts, subject to the same control now exercised on like estimates or accounts by the first auditor or first comptroller of the treasury.

and over conduct and proceedings of attorneys of, or employed by, the United States.

Sec. 16. *And be it further enacted*, That the Attorney-General shall have supervision of the conduct and proceedings of the various attorneys for the United States in the respective judicial districts, who shall make report to him of their proceedings, and also of all other attorneys and counsel[l]ors employed in any cases or business in which the United States may be concerned.

Secretaries of departments not to employ attorneys or counsel at the expense of the United States;

to call upon the Department of Justice.

No counsel or attorney fees to be allowed, except, &c. and upon what certificate.

Attorneys, &c. specially re-

Sec. 17. *And be it further enacted*, That it shall not be lawful for the Secretary of either of the executive Departments to employ attorneys or counsel at the expense of the United States; but such Departments, when in need of counsel or advice, shall call upon the Department of Justice, the officers of which shall attend to the same; and no counsel or attorney fees shall hereafter be allowed to any person or persons, besides the respective district attorneys and assistant district attorneys, for services in such capacity to the United States, or any branch or department of the government thereof, unless hereafter authorized by law, and then only on the certificate of the Attorney-General that such services were actually rendered, and that the same could not be performed by the Attorney-General, or solicitor-general, or the officers of the department of justice, or by the district attorneys. And every attorney and counsel[l]or who

shall be specially retained, under the authority of the Department of Justice, to assist in the trial of any case in which the government is interested, shall receive a commission from the head of said Department, as a special assistant to the Attorney-General, or to some one of the district attorneys, as the nature of the appointment may require, and shall take the oath required by law to be taken by the district attorneys, and shall be subject to all the liabilities imposed upon such officers by law.  *tained to receive a commission as special assistant to, &c. and shall take the oath, &c.*

Sec. 18. *And be it further enacted,* That the Attorney-General shall from time to time cause to be edited and printed an edition of one thousand copies, at the government printing office, of such of the opinions of the law officers herein authorized to be given as he may deem valuable for preservation, in volumes which shall be as to the size, quality of paper, printing, and binding, of uniform style and appearance, as nearly as practicable, with the eighth volume of said opinions, published by Robert Farnham, in the year eighteen hundred and sixty-eight, which volumes shall contain proper head-notes, a complete and full index, and such foot-notes as the Attorney-General may approve. Such volumes shall be distributed in such manner as the Attorney-General may from time to time prescribe.  *Edition of the opinions of law officers to be published from time to time. Style, &c. of volumes, and how distributed.*

Sec. 19. *And be it further enacted,* That this act shall take effect and be in force from and after the first day of July, eighteen hundred and seventy.  *This act when to take effect.*

Approved, June 22, 1870.

---

Chap. CLI. — *An Act to authorize the Secretary of the Treasury to issue a Register to the Schooner "Cavallo Marino."*   June 22, 1870.

Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That the Secretary of the Treasury is hereby authorized to issue a register to the schooner "Cavallo Marino," a vessel now lying in the harbor of Indianola, Texas, and owned by Samuel Marx.  *Register to issue to schooner "Cavallo Marino."*

Approved, June 22, 1870.

---

Chap. CLII. — *An Act to incorporate the National Mutual Life Assurance Association of Washington, D. C.*   June 23, 1870.

Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That Almon M. Clapp, Ezra B. French, Stephen J. W. Tabor, R. B. Donaldson, William A. Richardson, Jedediah H. Baxter, James M. Austin, Henry P. H. Bromwell, Aaron F. Randall, John R. Thompson, Dolson B. Searle, Joseph F. Evans, Thomas L. Tullock, Amos L. Merriman, Edward Downey, L. M. Sanders, J. W. Griffin, John W. Boteler, George S. Montrouse, William Wilkinson, James O. Conner, and B. B. French, and their successors, are constituted a body corporate, by the name of "The National Life Assurance and Trust Association," and by that name may sue and be sued, plead and be impleaded, have a common seal, and have all the rights, privileges, and immunities necessary for the purposes of the corporation hereby created: *Provided,* That the said company shall be limited to the District of Columbia in the transaction of its business, and shall not establish any agency in any State except in pursuance of the laws of said State.  *National Life Assurance and Trust Association incorporated; powers, &c. where may transact business;*

Sec. 2. *And be it further enacted,* That the corporation above named shall, within one year after the passage of this act, meet and elect such officers as may be necessary to perfect the organization, and thereupon, or as soon thereafter as may be practicable, shall open books for the enrolment of members.  *when to organize.*

Sec. 3. *And be it further enacted,* That the objects of this association shall be the mutual insurance of the lives of the members, and the invest-  *Objects of the association.*


 U.S. Department of Justice  

Federal Bureau of Prisons

*South Central Regional Office*

---

FEB 11 2011

4211 Cedar Springs Road, Suite 300
Dallas, Texas 75219

Eddie Kahn
Register Number 18325-008
FCI La Tuna
Post Office Box 3000
Anthony, Texas 88021

Re: Freedom of Information Request Number 2011-02230

Dear Mr. Kahn:

This is in response to your letter dated December 30, 2010, in which you attempt to clarify your request by indicating you are seeking personal records which are identified by your name. It is noted your initial request is for a copy of documents maintained by the Bureau of Prisons that identify the Act of Congress you were convicted of violating. You also expand your request to include the Act of Congress which authorizes the BOP to imprison you.

We are unable to identify the records you seek based on the information provided in your request. In accordance with 28 C.F.R. § 16.3(b), you as the requestor must reasonably describe the records sought in sufficient detail to enable Bureau of Prisons staff to identify the record(s). If you wish, you may submit a separate request, with additional information to assist in identifying the requested records, to the Bureau of Prisons, Office of General Counsel, 320 First Street, NW, Washington, D.C. 20534. The envelope and the request must be clearly marked "Privacy Act Request."

As noted in the letter to you dated December 15, 2010, Acts of Congress are not BOP Agency records. The BOP does not routinely maintain documents which identify the Act of Congress for which an inmate is convicted or which authorize the BOP to imprison inmates. The prior letter also advised you the statutory basis for you conviction is documented on the Judgment and Commitment

**SENSITIVE BUT UNCLASSIFIED**

FOIA Req. No. 2011-02230
Eddie Kahn; Reg. No. 18325-008
Page 2

Order maintained in your central file and available to you through local access procedures. However, your response letter implies you are not seeking a copy of the Judgment and Commitment Order.

If you are requesting that BOP staff conduct legal research to determine the Act of Congress which enacted the statute which you were convicted of violating, your request does not fall within the requirements of the Freedom of Information/Privacy Acts. The FOIA/PA only requires that documents, which have been created by the agency be considered for release.

The information you seek can be located in the legal materials made available to inmates through the Inmate Law Libraries in all BOP facilities. You are encouraged to utilize the Inmate Law Library available to you to conduct your legal research.

Documents maintained by the BOP with regard to your conviction are maintained in the central file pertaining to you. If you are seeking to review or obtain a copy of documents maintained in your central file, pursuant to Program Statement 1351.05, Release of Information, an inmate who wishes to have copies of materials in his central file should first present his request to institution staff. Please contact your Unit Team if you wish to review the documents maintained in your central file.

Pursuant to Title 28, Code of Federal Regulations, Section 16.9, this action may be appealed to the Attorney General by writing to the Office of Information Policy (OIP), Department of Justice, 1425 New York Avenue, Suite 11050, Washington, DC 20530-0001. Both the letter and envelope should be clearly marked "FOIA Request Appeal." Your appeal must be received by OIP within sixty (60) days of the date of this letter.

Sincerely,

Jason A. Sickler
Regional Counsel

lc

**SENSITIVE BUT UNCLASSIFIED**

Case 5:12-hc-02149-FL   Document 1-1   Filed 06/22/12   Page 17 of 18

# PROOF OF SERVICE

I, Kathleen Kahn certify that I have placed a copy of the enclosed <u>PETITION FOR WRIT OF HABEAS CORPUS AD SUBJICIENDUM, WRIT OF HABEAS CORPUS AD SUBJICIENDUM, AFFIDAVIT IN SUPPORT OF THE WRIT OF HABEAS CORPUS AD SUBJICIENDUM AND THE ORDER TO SHOW CAUSE</u> in a priority mail envelope on __6-20__, 2012 and mailed it to:

Clerk of the Court
United States District Court
Eastern District of North Carolina
310 Newbern Avenue
Raleigh, North Carolina 27601

The Respondent's copy of the document was placed in the Inmate Mail Box at Rivers Correctional Institution in Winton, North Carolina by the Petitioner on __6-20__, 2012.

*Kathleen Kahn*

Kathleen Kahn
P.O. Box 27
Timnath, Colorado 80547