IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2149-FL

| | | |
|---|---|---|
| EDDIE RAY KAHN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JONATHAN C. MINER, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a federal inmate, filed this petition for a writ of habeas corpus *ad subjiciendum*. (DE #1). On August 22, 2012, the court construed petitioner's action as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and directed him to particularize his petition. In response, petitioner filed a motion for reconsideration (DE # 6) and other filings which the court construes as supplements to the petition and motion. The matter also is before the court for a preliminary review under 28 U.S.C. § 2243, which provides that the court need not seek a response from the respondent when it is clear on the face of the petition that petitioner is not entitled to relief.

**BACKGROUND**

On September 3, 2008, the grand jury in the United States District Court for the District of Columbia returned an indictment that charged petitioner with conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and mail fraud, in violation of 18 U.S.C. § 1341. United States v. Kahn, No. 1:08-CR-271-RCL-1 (D.D.C. Sept. 3, 2008). Following a jury trial, the jury found petitioner guilty of conspiracy and one count of mail fraud. Id. (D.D.C. May 26, 2010). On

August 30, 2010, the District of Columbia district court sentenced petitioner to a concurrent term of sixty (60) months imprisonment for the conspiracy charge and two hundred forty (240) months imprisonment for the mail fraud charge. Id. (Aug. 30, 2010). The District of Columbia district court also instructed that petitioner's sentence was to run concurrently to the sentence previously imposed in United States v. Kahn, 5:06-CR-22-OC-10GRJ (M.D. Fl. May 1, 2008). Id. Petitioner did not subsequently appeal his conviction or sentence. Nor did petitioner file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

On June 22, 2012, petitioner filed a petition in this court captioned writ of habeas corpus *ad subjiciendum* pursuant to 28 U.S.C. § 1651. On August 22, 2012, the court entered an order construing petitioner's filing as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The court further notified petitioner that his petition was not filed on the form prescribed by this court in Local Civil Rule 81.2, and that the allegations in his petition were not clear. Thus, the court allowed petitioner the opportunity to particularize his petition to correct the noted deficiencies.

On September 6, 2012, petitioner submitted a response to the court's August 22, 2012, order captioned a motion for reconsideration. In his motion, petitioner seeks reconsideration of the court's recharacterization of his petition as a petition pursuant to § 2241. Petitioner also clarifies that the sole allegation in his petition is as follows: "The Department of Justice and it[]s bureau, the Bureau of Prisons [("BOP")], have never been authorized by an Act of Congress, to imprison anyone. No agency or branch of government has any authority to do anything unless it has been authorized by an Act of Congress." Pet.'r's Mot. for Reconsideration p. 3 (emphasis in original). As relief, petitioner requests: "For the judge to exercise her ministerial duty and issue the Writ to the Respondent. If the Respondent can produce an Act of Congress that authorizes the DOJ/BOP to

2

imprison someone, then [his] allegation will be moot. However, if the Respondent cannot produce an Act of Congress that authorizes the DOJ/BOP to imprison [him], then the remedy is immediate release, pursuant to the Non Detention Act of 1971, which states in pertinent part: 'No citizen shall be imprisoned, or otherwise detained, by the United States, except pursuant to an Act of Congress.'" Id. (emphasis in original).

## DISCUSSION

A.   Motion for Reconsideration

Petitioner requests that this court reconsider its decision to construe his common law petition for a writ of habeas corpus *ad subjiciendum* as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. A petition for a writ of habeas corpus *ad subjiciendum* seeks issuance of what is commonly understood as the "Great Writ" of habeas corpus at common law, which was used to challenge illegal detention. See Stone v. Powell, 428 U.S. 465, 475 n.6 (1976); Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) ("By the end of the 16th century, there were in England several forms of habeas corpus, of which the most important and the only one with which we are here concerned was habeas corpus ad subjiciendum-the writ used to inquire into illegal detention with a view to an order releasing the petitioner.") (internal quotation omitted)). The procedure for a writ of habeas corpus *ad subjiciendum* subsequently was codified in the provision of 28 U.S.C. § 2241-2255, and such statutory relief must be pursued when available. See Carlisle v. United States, 517 U.S. 416, 429 (1996) ("The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by the statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling."); Carbo v. United States, 364 U.S. 611, 614 (1961) ("[F]or the meaning of the term habeas corpus, resort may unquestionably be had to the

3

common law; but the power to award the writ by any of the courts of the United States, must be given by written law."); Jefferson v. Berkebile, 688 F. Supp. 2d 474, 481 (S.D.W. Va. Jan. 27, 2010) ("As courts of limited jurisdiction, . . . district courts may entertain petitions for this venerable writ [of habeas corpus] only when authorized by statute.") (internal citations omitted). Here, petitioner may pursue statutory habeas relief pursuant to § 2241. Thus, the court did not err in construing petitioner's petition as one pursuant to § 2241, and petitioner's motion for reconsideration, therefore, is DENIED.

B.   Initial Review

Petitioner argues that neither the Department of Justice or the BOP is authorized by Congress to imprison anyone. As petitioner notes, the Non-Detention Act provides: "No citizen shall be imprisoned or otherwise detained by the United States except pursuant to an act of Congress." 18 U.S.C. § 4001(a). However, Congress has granted both the United States Attorney General and the BOP the authority to incarcerate persons who have been convicted of federal crimes. United States v. Wilson, 503 U.S. 329, 332 (1992) ("The Attorney General, through the Bureau of Prisons, has the responsibility for imprisoning federal offenders.") (citing 18 U.S.C. § 3621(a))[1]; United States v. Joshua, 607 F.3d 379, 389 (4th Cir. 2010) (stating that Title 18 of the United States Code authorizes a federal offender's commitment to the BOP). Petitioner was convicted of violating two federal statutes and was sentenced to a federal term of imprisonment. Based upon the foregoing, the court finds that petitioner's detention is pursuant to an act of Congress and does not violate the Non-Detention Act. Thus, petitioner's claim on this issue plainly is without merit.

---

[1] Title 18 U.S.C. § 3621(a) provides: "A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed."

To the extent petitioner challenges his incarceration at Rivers Correctional Institution ("Rivers")[2], his claim similarly is without merit. The BOP has the authority to designate the location of an inmate's place of imprisonment, "whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted." 18 U.S.C. § 3621(b); see also, Meachum v. Fano, 427 U.S. 215, 223-224 (1976) (finding that inmates do not have the constitutional right to be incarcerated in any particular prison). Moreover, BOP is authorized to contract with non-federal institutions to house federal inmates, and to designate inmates to serve their sentences at such institutions. See 18 U.S.C. § 4013(a)(3); see also, Garces v. Miner, No. 5:11-HC-2180-FL, 2012 WL 3629295, at *3 (E.D.N.C. Aug. 22, 2012) (finding petitioner's attack of his incarceration at Rivers "on the grounds that Congress did not authorize a private corporation to have custody over him" meritless). For these reasons, the BOP had the authority to designate petitioner to serve his sentence at Rivers, and petitioner has failed to state a claim upon which relief may be granted.

In summary, petitioner's motion for reconsideration (DE # 6) is DENIED. The court additionally finds that petitioner's action is DISMISSED pursuant to 28 U.S.C. § 2243.

SO ORDERED, this the 7th day of November, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[2] Rivers is a privately run federal correctional facility in North Carolina operated by GEO Group.